IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL, | No. C 08-00577 WHA (PR) |
| Plaintiff, | **ORDER DENYING AS PREMATURE PLAINTIFF'S MOTION TO COMPEL DISCOVERY; GRANTING HIM AN EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' DISPOSITIVE MOTION; AND SETTING SCHEDULING ORDER** |
| v. | |
| R. VALDIVIA, J. GARCIA, R. MCCOY, E. SALINAS, JOHN DOE, | |
| Defendants. / | |

Before the court are plaintiff's motion and renewed motion for an order compelling discovery (docket nos. 31, 32). According to plaintiff, defendants have not answered the interrogatories that he has provided to them. Only when the parties have a discovery dispute that they cannot resolve among themselves should they ask the court to intervene in the discovery process. The court does not have time or resources to oversee all discovery and therefore requires that the parties present to it only their very specific disagreements. To promote this goal of addressing only very specific disagreements, federal and local discovery rules require the parties to meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because plaintiff is incarcerated he is not required to meet and confer with defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he need only send a letter to defendants to that effect, offering them one last opportunity to provide him the sought-after information.

Here, plaintiff did not provide defendants with one last opportunity to answer the interrogatories. Moreover, it may be that plaintiff has already obtained some answers to the aforementioned interrogatories or some sought-after discovery since defendants have filed with the court and served plaintiff with their motion for summary judgment and accompanying exhibits. For these reasons, plaintiff's motion and renewed motion to compel are DENIED as premature.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure, and the parties are directed to abide by the schedule outlined below. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

Also before the Court is plaintiff's request for an extension of time, up to and including ninety days in which to file his opposition to defendants' motion for summary judgment, on the grounds that he would like to engage in discovery (docket nos. 31, 32).

Having read and considered plaintiff's request, the court GRANTS plaintiff's request for an extension of time in order to engage in discovery before filing his opposition to defendants' motion for summary judgment. The deadline for plaintiff's opposition will be extended up to and including November 8, 2010.

**CONCLUSION**

1. Plaintiff's motion and renewed motion to compel (docket nos. 31, 32) are DENIED as premature.

2. The court GRANTS plaintiff's request for an extension of time in order to engage in discovery before filing his opposition to defendants' motion for summary judgment (docket nos. 31, 32).

3. The court ORDERS the parties to abide by the following scheduling order to

2

complete discovery as outlined below:

    a. Plaintiff must serve defendants with any additional discovery demands no later than September 20, 2010.

    b. Defendants should serve their responses and/or objections to plaintiff's discovery demands no later than October 4, 2010.

    c. If plaintiff's discovery requests are denied, plaintiff may move to compel discovery no later than October 21, 2010.

4. In order to expedite the resolution of this case, the court further orders as follows:

    a. Plaintiff's opposition to the defendants' motion for summary judgment shall be filed with the court and served on defendants no later than November 8, 2010.

    b. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the date plaintiff's opposition is filed.

    c. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5. No further extensions of time will be granted absent exigent circumstances.

6. This Order terminates Docket nos. 30 and 31.

**IT IS SO ORDERED.**

Dated: September 10, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE