IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL, | No. C 08-00577 WHA (PR) |
| Plaintiff, | **ORDER ADDRESSING PENDING MOTIONS** |
| v. | |
| R. VALDIVIA, J. GARCIA, R. MCCOY, E. SALINAS, JOHN DOE, | |
| Defendants. | |

Before the court are plaintiff's pending motions, including a motion entitled, "Motion for a 30 Day Extension," and a request to have defendants' counsel "correct error."

In plaintiff's motion for an extension of time, he requests the Court to grant him thirty days to file an "opposing motion" to defendant's answer to the complaint and demand for jury trial. Plaintiff's motion is DENIED as unnecessary because he need not respond to defendants' answer to the complaint and demand for jury trial.

In plaintiff's request to have defendants' counsel "correct error," plaintiff makes a reference to a mistake in an "interrogation form" that was sent to him by defendants. Plaintiff states that "defendants' attorney needs to correct such error so that [he] can answer all questions/interrogation forms." (Pl.'s Feb. 16, 2010 Mot. at 1.) The court construes plaintiff's motion as one dealing with discovery, i.e., answering interrogatories. Only when the parties have a discovery dispute that they cannot resolve among themselves should they ask the Court to intervene in the discovery process. The Court does not have time or resources to oversee all discovery and therefore requires that the parties present to it only their very specific

disagreements. Therefore, the Court DENIES the present discovery motion relating to plaintiff's request to have defendants' counsel correct an alleged error in the interrogatories. Instead, the Court includes the following instructions relating to answering interrogatories:

> The party answering interrogatories must respond to interrogatories within thirty days. A responding party can either answer the question or object to the question, or both. If a party needs more than thirty days to respond, it can ask the other party to agree to give him or her more than the thirty days provided for under Rule 33(b) of the Federal Rules of Civil Procedure. Often parties will agree to a reasonable extension of time. If the party that served the interrogatories will not agree to give the answering party more time, then the party needs to file a motion with the court requesting additional time. Each interrogatory must be answered separately and fully in writing under oath, unless it is objected to. Any objections also must be stated in writing, and must include the reasons for the objection. If a party objects to only part of a question, he or she must answer the rest of the question.

## CONCLUSION

Accordingly, the court orders as follows:

1. Plaintiff's "Motion for a 30 Day Extension" (docket no. 23) is DENIED as unnecessary.

2. Plaintiff's request to have defendants' counsel "correct error" (docket no. 24) is DENIED.

3. This Order terminates Docket nos. 23 and 24.

**IT IS SO ORDERED.**

Dated: September 22, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\WHA\E.D. CAL\MITCHELL-08-0577WHA\MITCHELL0577.PENDINGmots.wpd

2