IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>    Plaintiff,<br><br>  v.<br><br>R. VALDIVIA, J. GARCIA, R. MCCOY, E. SALINAS, JOHN DOE,<br><br>    Defendants.<br>_____/ | No. C 08-00577 WHA (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY; AND ADDRESSING PLAINTIFF'S REMAINING MOTIONS** |

On April 25, 2008, plaintiff, a California prisoner proceeding pro se and currently incarcerated at California State Prison - Corcoran, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging that he was subjected to excessive force by officers at Wasco State Prison (WSP), where plaintiff was incarcerated when the events giving rise to his claims arose. On May 8, 2009, after reviewing the complaint, the Court found plaintiff had stated cognizable Eighth Amendment claims against defendants WSP Correctional Officers Valdivia, Garcia and Salinas. In the same order, the Court directed defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion such a motion is not warranted.

On July 6, 2010, defendants filed a motion for summary judgment. Defendants argue that plaintiff's criminal conviction stemming from the excessive force incident require that his action be dismissed under the rule from Heck v. Humphrey, 512 U.S. 477 (1994). Heck held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed or otherwise set aside or

called into question. Id. at 486-87.

To date, plaintiff has not filed an opposition to the motion for summary judgment. Instead, plaintiff has filed motions to compel discovery and also seems to be requesting an extension of time to file an opposition to defendants' motion for summary judgment.

In addition, plaintiff has filed a motion to "correct the dates cited within . . . motion to compel defendants to answer initial discovery" from January 8, 2011 to February 8, 2011. The Court GRANTS plaintiff's request and notes that plaintiff's motion to compel (docket no. 45)[1] should reflect the correct date of February 8, 2011.

Also before the Court is plaintiff's motion requesting "the Court to obtain Jame[s] T. Garcia soical [sic] security number then turn over such information to the marshals so that the Defendant can be located." Plaintiff's request (docket no. 40) is DENIED. The Court will not order the prison to release Defendant Garcia's social security number. To date, Defendant Garcia has not been served in this action. As mentioned in the Court's order dated November 9, 2010, "the litigation coordinator for the Wasco State Prison has informed the defense attorney Jonathon Paul that Defendant Garcia is no longer employed with the Wasco State Prison as of April 2010." (Nov. 9, 2010 Order at 1 (citing Docket No. 34).) If the marshal is unable to effectuate service and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(m). Plaintiff has already been given a previous extension of time to provide the Court with a current address for Defendant Garcia. However, the Court finds another brief extension is warranted. No later than thirty days from the date of this Order, Plaintiff must provide the Court with a current address for Defendant J. Garcia, as directed below.

For the reasons discussed below, the Court DENIES defendants' motion for summary judgment, DENIES as moot plaintiff's request for an extension of time to file his opposition to the motion, and directs defendants to respond to plaintiff's motions to compel discovery.

---

[1] While Plaintiff's motion is entitled "Order Compeling [sic] Court to Compel the Defendants to Provide Information Cited Within the Initial Discovery Request," the Court construes this document to be another motion to compel discovery.

2

# DISCUSSION

## I. Defendants' Motion for Summary Judgment

### A. Factual Background

The following summary of plaintiff's factual allegations is taken from his complaint. However, because plaintiff's complaint is sparse, the Court includes additional taken facts from the attached exhibits to defendants' motion for summary judgment.

On October 12, 2006, Plaintiff reported to the patio area where he was met by defendants Valdivia and Garcia. (Compl. at 3; Resp't Ex. C.) Upon his arrival to the patio area, Plaintiff and defendant Valdivia because engaged in an altercation, in which Plaintiff claims defendant Valdivia attacked him and he "tryed [sic] to defend [him]self." (Compl. at 3.) Plaintiff was then ordered "to lay on the ground." (Id.) Plaintiff claims that defendant Valdivia continued to "attack [him] by kicking [him] in the ribs six times." (Id.) Plaintiff alleges that defendants Salinas Garcia "did not stop [defendant] Valdivia." (Id. at 4.) He asserts that he was held down by defendant McCoy, who "place[d] his knee on [Plaintiff's] back and rib area for no reason," while defendants Garcia and Salinas stood by and watched. (Id.)

The record also shows that on October 12, 1006, Plaintiff was prosecuted and subsequently plead guilty to the charge of Battery by a Prisoner pursuant to California Penal Code section 4501.5. (Resp't Exs. A, C.)

### B. Legal Standard for Summary Judgment

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

3

party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, as is the situation with defendants' challenge to the Fourth Amendment claim, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citations omitted).

Where, as is the situation with defendants' qualified immunity defense, the moving party bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. Smith, 965 F.2d 1532, 1536 (9th Cir. 1992). He must establish the absence of a genuine issue of fact on each issue material to his affirmative defense. Id. at 1537; see also Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. When the defendant-movant has come forward with this evidence, the burden shifts to the non-movant to set forth specific facts showing the existence of a genuine issue of fact on the defense.

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Here, the complaint was verified, and therefore is considered as evidence for purposes of deciding the motion.[2]

The court's function on a summary judgment motion is not to make credibility

---

[2] Plaintiff's complaint, however, has only a very brief description of the incident and omits any mention of what he was doing when defendants used force on him, other than to state that he was at the "patio area" at the time defendant Valdivia initially used force on him and that he was "lay[ing] on the ground" when defendant Valdivia kicked him in the ribs six times and defendant McCoy "place[d] his knee on [Plaintiff's] back." (Compl. 3-4.) With the liberal construction that is required for pro se pleading, his allegations were sufficient to state a claim. However, the Court notes that liberal construction does not work as a substitute for actual evidence when the case has progressed to the summary judgment stage.

4

determinations nor to weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. Id. at 631.

**C.     Analysis**

As mentioned above, defendants argue that plaintiff's criminal convictions stemming from the incident require that his action be dismissed under the rule from Heck, which holds that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. Id. at 486-487. Heck's rationale bars a claim for damages for harm caused by the unconstitutional deprivation of good-time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continued confinement, insofar as it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In the instant action plaintiff does not challenge the constitutional validity of his conviction of battery on a peace officer. Defendants argue, however, that plaintiff's excessive force claim is barred under Heck because, if the excessive force claim were proven, it would necessarily imply the invalidity of his conviction on the charge of battery on a peace officer. By analogy, defendants cite to cases finding Heck bars a § 1983 action for the use of excessive force during an arrest, where the plaintiff has been convicted of resisting arrest or assaulting a police officer. (Mot. for Summ. J. at 6-7.)

The Ninth Circuit has made clear that Heck does not bar all such excessive force actions, however. In Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) (en banc), the Ninth Circuit explained that "a § 1983 action is not barred under Heck unless it is clear from the record that its successful prosecution would *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid." The plaintiff in Smith had been convicted of resisting a police officer under California Penal Code section 148, and claimed that the officer had used excessive force against

5

1 him. Id. at 694. In order to determine whether the excessive force claim was barred under Heck,
2 the Ninth Circuit looked to the elements of a conviction for resisting a police officer under section
3 148, and found that an essential element of such a conviction is that the police officer was "engaged
4 in the performance of his official duties." Id. at 695. Under California law, if such element is
5 admitted or proved, the police officer necessarily was engaged in "lawful" conduct, which, in turn,
6 necessarily excludes the use of excessive force. Id. at 695-96.

7 The Ninth Circuit thus concluded that where a plaintiff has been convicted under section
8 148 for resisting a police officer during the course of an arrest, his subsequent § 1983 claim that the
9 police officer used excessive force at the time the arrest was effected would, if successful,
10 necessarily undermine the conviction, and would be barred under Heck. Id. at 697-98. By contrast,
11 if the plaintiff claims the police officer used excessive force either before or after the conduct on
12 which the plaintiff's conviction was based, Heck would not bar his claims that the force was
13 excessive, because the alleged acts of excessive force would not necessarily invalidate the
14 conviction. Id. at 698. Looking to the record before it in Smith, the Ninth Circuit could not
15 identify the factual basis for the plaintiff's guilty plea to resisting a police officer; consequently, it
16 could not determine whether the acts underlying the conviction occurred during the course of the
17 plaintiff's arrest; accordingly, the Ninth Circuit reversed the district's court's grant of summary
18 judgment, which ruling had been predicated on Heck. Id. at 699.

19 In the instant action, defendants have not shown that if plaintiff were to prevail on his
20 excessive force claims the validity of the finding that he committed battery on a peace officer
21 necessarily would be implicated. The essential reason defendants' argument fails is because they
22 have not set forth the elements of the charge of which plaintiff was found guilty, battery by prisoner
23 under California Penal Code § 4501.5. Consequently, because defendants have not shown that a
24 finding of their use of excessive force would necessarily negate an element of the battery offense,
25 the Court cannot conclude that plaintiff's claims are barred under Heck. As Smith made clear, a
26 § 1983 claim alleging the use of excessive force will be barred under Heck only where "it is clear
27 from the record that its successful prosecution would *necessarily*" imply the invalidity of the
28 plaintiff's underlying conviction. Smith, 394 F.3d at 699. Accordingly, the Court finds defendants

6

are not entitled to summary judgment on plaintiff's excessive force claim based on their argument that it is barred under Heck. Therefore, their motion for summary judgment (docket no. 30) is DENIED. Defendants are GRANTED leave to file a renewed motion for summary judgment, as directed below, if they can provide more information on the battery by prisoner charge in order to argue that a finding of their use of excessive force would necessarily negate an element of the battery offense.

Because the Court has resolved defendants' motion for summary judgment, it DENIES as moot any requests made by plaintiff for an extension of time to file his opposition to the motion.

**II.     Plaintiff's Motions to Compel Discovery**

By order filed September 13, 2010, the Court denied plaintiff's motions to compel discovery (docket nos. 31 & 32) as premature, on the ground plaintiff did not attempt to meet and confer with defendants prior to filing such motions (docket no. 33).

On November 17, 2010, plaintiff's filed his second motion to compel discovery (docket no. 38).

In an order dated December 16, 2010, the Court directed defendants to file a response to plaintiff's second motion to compel.

On January 6, 2011, defendants filed their response stating that they "have provided responses to Plaintiff's special interrogatories and have produced all documents in their possession relative to the incident at issue in the pending lawsuit along with this statement of non-opposition to the motion to compel." (Defs.' Response to Pl.'s Second Mot. to Compel at 1.) Defendants request that the motion "should be dropped." (Id.)

On February 11, 2011, plaintiff filed his third motion to compel discovery (docket no. 45), and, on March 17, 2011, he filed a request for the Court to rule on his motion to compel (docket no. 47). Plaintiff claims that defendants have "not provided [him] with discovery" even though he "submitted an initial discovery request motion about 9 1/2 months ago . . . ." (Pl.'s Mar. 17, 2011 Mot. at 1.) The Court also notes that plaintiff filed a previous motion to compel on November 8, 2010, which has not been addressed by defendants.

Based on the fact that plaintiff still claims that his discovery requests have remained

7

unanswered, defendants shall file a response to plaintiff's November 8, 2010 motion to compel (docket no. 36), to his third motion to compel (docket no. 45), and to his request for the Court to rule on his motion to compel (docket no. 47), as directed below.

## CONCLUSION

Accordingly, the Court orders as follows:

1. Defendants' motion for summary judgment (docket no. 30) is DENIED. Because the Court has resolved defendants' motion for summary judgment, it DENIES as moot any requests made by plaintiff for an extension of time to file his opposition to the motion. Defendants are GRANTED leave to file a renewed motion for summary judgment, as explained above, and the parties are directed to abide by the following briefing schedule:

    a. No later than thirty days from the date this order is filed, defendants shall file a notice of renewal of her motion for summary judgment.

    b. Plaintiff's opposition to the renewed motion for summary judgment, if any, shall be filed with the Court and served on defendant no later than thirty days from the date of service of the renewed motion.

    c. Defendants shall file a reply brief no later than fifteen days after the date of service of the opposition.

    d. The renewed motion for summary judgment shall be deemed submitted as of the date the reply brief is due.

2. The Court directs defendants to file another response to plaintiff's third motion to compel (docket no. 45) and to his request for the Court to rule on his motion to compel (docket no. 47). No later than twenty days of the date of this order, defendants shall file their response to the motions to compel discovery. Plaintiff shall file a reply to defendants' response within fifteen days of being served with the response. The motion will be deemed submitted on the date plaintiff's reply is due.

3.

3. Plaintiff's motion to "correct the dates cited within . . . motion to compel defendants

8

**United States District Court**
For the Eastern District of California

1  to answer initial discovery" from January 8, 2011 to February 8, 2011 (docket no. 46) is

2  GRANTED.  Plaintiff's motion to compel (docket no. 45) should reflect the correct date of February

3  8, 2011.

4      4.    The Court DENIES plaintiff's request for "the Court to obtain Jame[s] T. Garcia

5  soical [sic] security number then turn over such information to the marshals so that the Defendant

6  can be located (docket no. 40).  No later than thirty days from the date of this Order, Plaintiff must

7  provide the Court with a current address for defendant J. Garcia.  Plaintiff should review the federal

8  discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to

9  determine the current address of this defendant.  Because the Court has denied plaintiff's request for

10 defendant Garcia's social security number, plaintiff must turn to the aforementioned federal

11 discovery rules in order to gather more information about defendant Garcia's current address.  If

12 plaintiff fails to provide the Court with the current address of defendant Garcia within the thirty-day

13 deadline, all claims against this defendant will be dismissed without prejudice under Rule 4(m).

14     3.    This Order terminates Docket nos. 30, 40 and 46.

15 **IT IS SO ORDERED.**

16 Dated:   March 31, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

27 P:\PRO-SE\WHA\E.D. CAL\MITCHELL-08-0577WHA\MITCHELL0577.denyMSJ.frm