IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. VALDIVIA, J. GARCIA, R. MCCOY,<br>E. SALINAS, JOHN DOE,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 08-00577 WHA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY; DENYING HIS MOTION TO STAY PROCEEDINGS AS MOOT; DISMISSING ALL CLAIMS AGAINST DEFENDANT GARCIA; AND SETTING BRIEFING SCHEDULE** |

Before the court are plaintiff's motions to compel discovery (docket nos. 36, 38, 39, 45, 47). Defendants have filed an opposition to plaintiff's motions.

Also before the court is defendants' renewed motion for summary judgment, which was filed on April 29, 2011. To date, plaintiff's opposition has not been filed, and it is overdue.

On June 9, 2011, the court directed the Clerk of the Court to send plaintiff courtesy copies of defendants' renewed motion for summary judgment and their opposition to his motions to compel discovery. The court also issued a briefing schedule, which set the deadline of July 9, 2011 for plaintiff's opposition to defendants' renewed motion for summary judgment and his reply to defendants' opposition to his motions to compel.

On June 21, 2011, Plaintiff filed a document entitled, "Motion for Court to Resolve Discovery Dispute and Stop Proceedings," which the court construes as another discovery motion and as his request to stay proceedings until the discovery issues are resolved. This document could also be construed as plaintiff's reply to defendants' opposition to his motions to compel. As mentioned above, plaintiff has not yet filed his opposition to the motion for summary judgment.

The court also notes that defendant J. Garcia has not yet been served in this action. On March 31, 2011, plaintiff was directed to provide the court with the current address of defendant Garcia within thirty days. The court further warned plaintiff that the failure to do so would result in dismissal of all claims against this defendant, stating: "If plaintiff fails to provide the court with the current address of defendant Garcia within the thirty-day deadline, all claims against this defendant

will be dismissed without prejudice under Rule 4(m)."  (Mar. 31, 2011 Order at 9.)  The thirty-day deadline has passed, and to date, plaintiff has not provided the court with the current address of defendant Garcia.

For the reasons outlined below, the court DENIES plaintiff's motions to compel, DENIES as moot his motion to stay proceedings, and sets a new briefing schedule.  The court also DISMISSES all claims against defendant Garcia without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

**DISCUSSION**

**I.   Plaintiff's Motions to Compel Discovery**

Plaintiff moves to compel discovery.  Plaintiff argues in his motions to compel discovery that defendants did not respond to his discovery requests.

Plaintiff claims that defendants did not respond to his "initial discovery request," which the court construes as defendants' alleged failure to make an initial disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.  Plaintiff also claims that he previously "submitted interrogatories and admisson [sic] motions to the defendants and thier [sic] attorneys" and that he "did not receive a answer/response."  (June 21, 2011 Discovery Mot. at 1.)  He then filed his first motion to compel on August 9, 2010.

On September 13, 2010, the court denied his motion to compel as premature, stating:

> . . . plaintiff did not provide defendants with one last opportunity to answer the interrogatories.  Moreover, it may be that plaintiff has already obtained some answers to the aforementioned interrogatories or some sought-after discovery since defendants have filed with the court and served plaintiff with their motion for summary judgment and accompanying exhibits.

(Id.)  Plaintiff claims he "submitted two letters to the defendants and their attorneys demanding a response an/or objection."  (Id. at 2.)  He claims "the defendants refuse[d] to answer the letters." (Id.)  Plaintiff then re-filed his motion to compel, as well as a "second compelling motion, specifically wanting a response [to] the initial discovery requests."  (Id.)  Plaintiff claims in his June 21, 2011 discovery motion that the court "granted" his discovery motions; however, the record shows that no such order was ever issued because these motions are still pending.

Defendants claim that they "provided verified responses to Plaintiff's special interrogatories,

1  set one on January 6, 2011." (Defs.' Opp'n at 1.) They add that these "said responses included
2  various documents related to the use of force incident at issue including the CDCR Form 115 Rules
3  Violation Report #FD06-10-0018, the CDCR Form 837-C Crime/Incident Report
4  #WSP-FDY-06-10-0424 and a copy of Title 15 Section 3268 setting forth the Use of Force policy."
5  (Id. at 1-2.) Further, Defendants point out that in his March 17, 2011 discovery motion, Plaintiff
6  states, "The defendants and the attorney has [sic] answere'd [sic] the interrogatories." (Mar. 17,
7  2011 Discovery Mot. at 1.) Defendants thus argue that Plaintiff's motions to compel discovery
8  "should not be confused as a motion to compel further responses." (Defs.' Opp'n at 2.)

9  First, Plaintiff complains that defendants did not make an initial disclosure pursuant to Rule
10 26(a) of the Federal Rules of Civil Procedure. Prisoner cases, such as the instant action, are
11 exempted from the provisions of Rule 16(b) regarding scheduling and planning. See Fed. R. Civ. P.
12 16(b), 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure: . . . . (iv) an
13 action brought without an attorney by a person in the custody of the United States, a state, or a state
14 subdivision."). This also has the effect of exempting them from the provision of the local rules
15 regarding case management conferences. Civ. L.R. 16-2(a). The court's initial review order, which
16 authorizes discovery and sets a schedule for dispositive motions, serves as the case management
17 order in a pro se prisoner case. See Civ. L.R. 16-7. Thus, defendants had no obligation to make an
18 initial disclosure. Accordingly, Plaintiff's motions to compel are DENIED as to his discovery
19 request relating to Defendants making an initial disclosure.

20 The court notes that plaintiff concedes in his March 17, 2011 discovery motion that
21 defendants have provided responses to the interrogatories. (Mar. 17, 2011 Discovery Mot. at 1.)
22 Thus, plaintiff does not seem to presently be moving to compel further responses to the
23 interrogatories. Even if plaintiff had meant to move to compel further responses, the court finds his
24 motions to compel to be inadequate because he has not explained why any of defendants' responses
25 were inadequate. For example, if defendants refused to respond because an interrogatory is
26 unintelligible, plaintiff must explain why it is not unintelligible to show that defendants ought to be
27 compelled to further answer it. Accordingly Plaintiff's motions to compel are DENIED as to his
28 discovery request relating to Defendants' giving further responses to the interrogatories.

3

1   Because Plaintiff's motions to compel discovery have been denied above, the court DENIES
2   as moot his request to stay proceedings until the discovery issues are resolved, and it also directs
3   the parties to abide by the briefing schedule outlined below.

**II.     Defendant Garcia**

Defendant Garcia has not been served in this action. The Wasco State Prison Litigation Coordinator has indicated that defendant Garcia is no longer employed at the prison; therefore, service has been ineffective on defendant Garcia.

As plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the court with current addresses for all defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Rule 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

On March 31, 2011, plaintiff was directed to provide the court with the current address of defendant Garcia within thirty days.[1] Thirty days have passed, and Plaintiff has failed to provide the court with the aforementioned required information.

---

[1] The court notes that plaintiff has been granted a previous extension of time to provide the court with defendant Garcia's current address. The original deadline was on December 9, 2010; however, Plaintiff had filed a request for "the court to obtain Jame[s] T. Garcia['s] soical [sic] security number then [to] turn over such information to the marshals so that the Defendant can be located." (Pl.'s Nov. 22, 2010 Mot. at 1.) On March 31, 2011, the court denied plaintiff's aforementioned request and, as mentioned above, directed him to provide the court with the current address of defendant Garcia within thirty days.

4

Accordingly, all claims against defendant Garcia are DISMISSED without prejudice under Rule 4(m).

**CONCLUSION**

For the reasons outlined above, the court orders as follows:

1. Plaintiff's motions to compel discovery (docket nos. 36, 38, 39, 45, 47, 55) are DENIED.[2]

2. Plaintiff's motion to stay proceedings until the discovery issues are resolved (docket no. 55) is DENIED as moot.

3. The parties are directed to abide by the following briefing schedule:

   a. Plaintiff's opposition to defendants' renewed motion for summary judgment shall be filed with the court and served on defendants no later than thirty (30) days from the date of this order.

   b. If defendants wish to file a reply brief to plaintiff's opposition to their renewed motion for summary judgment, they shall do so no later than fifteen (15) days after the date plaintiff's opposition is filed.  The renewed motion for summary judgment shall be deemed submitted as of the date the reply brief is due.  No further extensions of time will be granted in this case absent exigent circumstances.

4. All claims against defendant J. Garcia are DISMISSED without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

5. This order terminates docket nos. 36, 38, 39, 45, 47, and 55.

**IT IS SO ORDERED.**

Dated:   August 2, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that in plaintiff's November 19, 2010 motion (docket no. 39), he also requested an extension of time to file his opposition to defendants' previously-filed motion for summary judgment; however, the court denied that motion for summary judgment and denied as moot any requests made by plaintiff for an extension of time to file his opposition to that motion. (Mar. 31, 2011 Order at 8.) Because Plaintiff makes reference to his discovery requests in his November 19, 2010 motion, the court has construed it as a one of his motions to compel discovery.

P:\PRO-SE\WHA\E.D. CAL\MITCHELL-08-0577WHA\MITCHELL0577.DENYcompel&dismissGARCIA.wpd

5